IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Eli POPE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>NAVIENT CORPORATION, *et al.*<br><br>Defendant. | Civil No. 17-8373 (RBK/AMD)<br><br>**OPINION** |
| Melvin GROSS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>NAVIENT CORPORATION, *et al.*<br><br>Defendant. | Civil No. 17-11014 (RBK/AMD) |

**KUGLER**, United States District Judge:

This securities litigation class action comes before the Court on Yuri Marakhovsky's Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Counsel (Doc. No. 5) and Navient Investor Group's (the "Group") Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Counsel. (Doc. No. 6.) In a parallel proceeding to be consolidated, Yuri Marakhovsky has also brought a Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Counsel. (Doc. No. 2.) For the reasons stated herein, Marakhovsky and the Group's motions to consolidate are **GRANTED**, Marakhovsky's Motions for Appointment as Lead

1

Plaintiff are **DENIED** and the Navient Investor Group's Motion for Appointment as Lead Plaintiff and Approval as Lead Counsel is **GRANTED**.

## I. THE FACTS

This is a federal securities class action brought on behalf of a class consisting of all persons and entities who purchased or otherwise acquired the publicly-traded securities of Navient Corporation ("Navient") from February 25, 2016 through October 4, 2017. Plaintiffs seek to recover compensable damages caused by Defendants' alleged violations of federal securities laws and bring this action under sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5. The complaints alleges that Defendants made materially false and misleading statements regarding Navient's business, causing losses and damages among the holders of Navient securities.

A class-action complaint was first filed with this Court on October 16, 2017 on behalf of one Eli Pope, who had bought three shares of Navient on September 15, 2017 for $13.73. A subsequent class-action complaint, concerning essentially the same subject matter, class, and allegations was filed on behalf of one Melvin Gross on November 3, 2017, a putative class member who had 12 shares of Navient.

On December 15, 2017, Yuri Marakhovsky moved to appoint lead plaintiff in both the *Pope* and *Gross* actions, and also moved to consolidate the actions. Marakhovsky had bought 150 shares of Navient on January 19, 2017 at $15.57. Also on December 15, 2017, Navient Investor Group also moved to appoint lead plaintiff and consolidate the actions. The Group consists of at least two individuals who purchased Navient shares: Jesse Wayne Pritchard, who bought 700 shares on July 19, 2017 at $15.559, and Jay Montblanc, who bought 450 shares on August 9, 2016 at $14.39.

Shortly after Navient Investor Group moved to be lead plaintiff, Marakhovsky submitted notice that he was not opposing its appointment because the Group had taken greater losses than Marakhovsky. (Doc. No. 7.) The Group claims losses totaling $3,114.58, much larger than Marakhovsky's losses of $479.00, and we are unaware of any losses greater than those claimed by the Group.

## II. CONSOLIDATION

If actions before a court involve a common question of law or fact, the court may consolidate the actions. *See* Fed. R. Civ. P. 42(a). Rule 42 "confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate causes for trial as may facilitate the administration of justice." *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964). In like manner, the Private Securities Litigation Reform Act ("PSLRA") "directs that cases should be consolidated where there is 'more than one action on behalf of a class asserting substantially the same claim or claims.'" *In Re Lucent Techs. Sec. Litig.*, 221 F. Supp. 2d 472, 480 (D.N.J. 2001) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(ii)). Where there are multiple class actions filed under the PSLTRA, a court shall not appoint lead plaintiff until after it decides the motion for consolidation. § 78u-4(a)(3)(B)(ii).

Neither the PSLRA nor Rule 42 requires that pending suits be identical before they can be consolidated. Rather, in deciding whether to consolidate actions under Rule 42(a), it must be considered

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses, lawsuits, the length of time required to conclude multiple lawsuits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*In re Lucent Techs. Inc. Sec. Litig.*, 221 F. Supp. 2d 472, 480 (D.N.J. 2001) (citing *In re Consolidated Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998) (citations omitted).

The *Pope* and *Gross* actions before this Court are essentially the same action, with the same class, concerning the same events. *Pope* alleges a class who had purchased Navient securities between February 25, 2016 and October 4, 2017 and was injured by alleged material misrepresentations; so does the *Gross* action. The *Pope* action alleges violations of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b-5, and violations of Section 20(a), 15 U.S.C. § 78t; so does the *Gross* action. The Court thus finds that consolidation is appropriate and would facilitate the administration of justice, and grants Marakhovsky's motion for consolidation of the *Pope* and *Gross* actions.

### III. APPOINTMENT OF LEAD PLAINTIFF

Both Marakhovsky and Navient Investor Group both seek to be appointed lead plaintiff in this action, although Marakhovsky does not oppose the Group's motion because its losses are significantly higher than Marakhovsky's. But while the Group's motion is effectively unopposed, "[a] preliminary, fact-specific inquiry is nonetheless necessary under Rule 23 to determine whether the presumptively most adequate plaintiff will nevertheless betray the interests of the class." *In re Party City Sec. Litig.*, 189 F.R.D. 91, 106 (D.N.J. 1999).

The PSLRA provides that a court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . . in accordance with this subparagraph." 15 U.S.C. § 78u-4(a)(3)(B)(i). As relevant,

> (I) In general. . . . the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

(II) Rebuttal evidence. The presumption described in subclause (I) may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff —

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

§ 78u-4(a)(3)(B)(iii).

As stated in subsection (a)(3)(I)(cc), the "most adequate plaintiff" must also satisfy the requirements of Federal Rule of Civil Procedure 23:

One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

*In re Cendant Corp. Litigation*, 264 F. 3d 201 (3d Cir. 2001) outlines the steps a court must follow in appointing lead plaintiff as required under 15 U.S.C. § 78u-4(a)(3)(B) and Federal Rule of Civil Procedure 23(a). The Court applies that analysis here.

### A. The Largest Financial Interest Requirement

"In appointing a lead plaintiff, the court's first duty is to identify the movant that is presumptively entitled to that status. The process begins with the identification of the movant with 'the largest financial interest in the relief sought by the class.'" *In re Cendent*, 264 F.3d at 262. "The Third Circuit has concluded that [the] 'largest financial interest' means the largest loss." *In re Able Labs. Sec. Litig.*, 425 F. Supp. 2d 562, 567 (D.N.J. 2006) (citing *In re Cendent*, 264 F.3d at 223). In making this determination, "courts should consider, among other things: (1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs." 264 F.3d at 262.

During the proposed class period, Navient Investor Group (1) purchased 1150 shares (2) for a total of $10,891.03 and (3) allegedly suffered a loss of $3,114.58. By contrast, Marakhovsky (1) purchased 150 shares (2) for a total of $2,335.50 and (3) allegedly suffered a loss of $479.00. Based on the information before the Court, we find that the Group has the largest financial interest in the relief sought by the class.

### B. Rule 23 Requirements

"Once the court has identified the movant with 'the largest financial interest in the relief sought by the class,' it should then turn to the question whether that movant 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure,' and is thus the presumptively most adequate plaintiff." *In re Cendent*, 264 F.3d at 263-264 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (cc)). This "inquiry . . . should be confined to determining whether the movant has made a prima facie showing of typicality and adequacy." *Id.* This assessment "should be a product of the court's independent judgment," but "need not be extensive." *Id.*

"In conducting the initial inquiry as to whether the movant with the largest losses satisfies the typicality and adequacy requirements, the court may and should consider the pleadings that have been filed, the movant's application, and any other information that the court requires to be submitted." *Id*. "When making these determinations, courts should apply traditional Rule 23 principles." *Id.*

> [I]n inquiring whether the movant has preliminarily satisfied the typicality requirement, they should consider whether the circumstances of the movant with the largest losses "are markedly different or the legal theory upon which the claims [of that movant] are based differ[ ] from that upon which the claims of other class members will perforce be based."
>
> In assessing whether the movant satisfies Rule 23's adequacy requirement, courts should consider whether it "has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class."

*Id. (*alterations in original) (quoting *Hassine v. Jeffes*, 846 F.2d 167, 177, 179 (3d Cir. 1988)). "In making the initial adequacy assessment in this context, courts should also . . . inquire whether the movant has demonstrated a willingness and ability to select competent class counsel and to negotiate a reasonable retainer agreement with that counsel." *Id.* Furthermore, when the plaintiff is a group, as here, "[i]f the court determines that the way in which a group seeking to become lead plaintiff was formed or the manner in which it is constituted would preclude it from fulfilling the tasks assigned to a lead plaintiff, the court should disqualify that movant on the grounds that it will not fairly and adequately represent the interests of the class." *Id.* at 266. Courts should also consider whether a movant group is too large to adequately represent the class, and should consider any other reasons indicating the adequacy or typicality requirement has not been satisfied. *See id.* at 268.

Navient Investor Group is a typical plaintiff. The typicality requirement is satisfied when the named plaintiff has (1) suffered the same injuries as the absent class members, (2) as a result of the same course of conduct by defendants, and (3) their claims are based on the same legal issues. *Blake Partners, Inc. v. Orbcomm, Inc.*, 2008 WL 2277117, at *6 (D.N.J. June 2, 2008) (citing *Weiss v. York Hosp.*, 745 F.2d 786, 809 & n.36 (3d Cir. 1984)). As a securities action, the parties are affected by the same event; the crux of this case will be Defendants' alleged misrepresentations to the public at large. Nothing suggests Navient Investor Group's case will be uniquely affected by this inquiry. We therefore find that the Group satisfies the typicality requirement of Rule 23.

As to adequacy, Navient Investor Group appears to have both the ability and incentive to represent the purported class vigorously. Further, the Group has obtained what this Court finds to be adequate counsel experienced in federal securities litigation with a record of favorable verdicts for clients in the past. Finally, there does not appear to be a conflict between the Group's claims and those of the purported class; the two persons composing the Group, Pritchard and Montblanc, have certified under penalty of perjury that they will not accept any payment beyond a pro-rata share of recovery beyond that ordered or approved by the Court for serving as a representative party. At this stage of appointing lead plaintiff pursuant to the PSLRA, we therefore find that Navient Investor Group satisfies the adequacy requirement of Rule 23.

### C. Presumption Not Rebutted

"Once a presumptive lead plaintiff is located, the court should then turn to the question whether the presumption has been rebutted." *In re Cendent*, 264 F.3d at 268. However, "[i]f no class member succeeds in rebutting the presumption, then the district court should appoint the presumptive lead plaintiff as the lead plaintiff." *Id.* There is presently no challenge to the

8

appointment of Navient Investor Group as lead plaintiff. Accordingly, the presumption of adequacy stands. *See, e.g.*, *In re Party City Sec. Litig.*, 189 F.R.D. at 112 ("Absent such a challenge, the presumption of adequacy will generally survive."); *Zuckerman v. Foxmeyer Health Corp.*, No. 96-2258, 1997 WL 314422, at *2 (N.D. Tex. Mar. 26, 1997) ("No purported class member has presented evidence to rebut this presumption. Therefore, the Court will appoint the movants as lead plaintiffs.").

As Navient Investor Group appears to have the largest financial interest, has satisfied the Rule 23 requirements, and the presumption that Navient Investor Group is the most adequate plaintiff has not been rebutted, the Court will appoint the Group as lead plaintiff in this consolidated action.

## IV. APPOINTMENT OF LEAD COUNSEL

Finally, the Court addresses the appointment of lead counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v) provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." As the Court finds Navient Investor Group is the most adequate plaintiff, this task falls to it. The Group moves for approval of its selection of the law firm of Levi & Korsinsky, LLP as lead counsel for the class. While the motion to approve this firm as lead counsel is unopposed, this Court has a separate, independent obligation to assess the Group's selection of counsel on behalf of the class.

There is "a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *In re Cendant Corp. Litig.*, 264 F.3d at 276. "When a properly-appointed lead plaintiff asks the court to approve its choice of lead counsel and of a retainer agreement, the question is not whether the court believes that the lead plaintiff could have made a better choice or gotten a better deal." *Id.* Rather, "the court's inquiry is

9

appropriately limited to whether the lead plaintiff's selection and agreement with counsel are reasonable on their own terms." *Id.* The Third Circuit considers the following factors in deciding whether the selection of lead plaintiff's counsel is appropriate:

> (1) the quantum of legal experience and sophistication possessed by the lead plaintiff; (2) the manner in which the lead plaintiff chose what law firms to consider; (3) the process by which the lead plaintiff selected its final choice; (4) the qualifications and experience of counsel selected by the lead plaintiff; and (5) the evidence that the retainer agreement negotiated by the lead plaintiff was (or was not) the product of serious negotiations between the lead plaintiff and the prospective lead counsel.

*Id.* at 276.

Levi & Korsinsky is clearly capable of handling this matter—the firm has extensive experience in private securities litigation and has received numerous favorable judgments in its past representations. In any event, its appointment as lead counsel is unopposed. And although we do not know how or why Navient Investor Group, or its constituents Pritchard and Montblanc, came to select Levi & Korsinsky as its counsel, the Court is satisfied that the certifications of Pritchard and Montblanc establish that the Group's choice of counsel comports with a good-faith selection and negotiation process. We therefore approve Levi & Korsinsky, LLP as lead plaintiff's counsel. The motion is granted.

## V. CONCLUSION

For the reasons stated herein, the Group's motion is **GRANTED** and Yuri Marakhovsky's motion is **GRANTED** in part and **DENIED** in part. An order follows.


Dated: February 2, 2018 /s Robert B. Kugler
ROBERT B. KUGLER
United States District Judge